RE: OPINION REQUEST REGARDING APPLICATION OF OPEN RECORDS AND OPEN MEETING REQUIREMENTS TO HOSPITAL RECORDS AND CONVERSATIONS WITH PUBLIC OFFICIALS
ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST ASKING, IN EFFECT, THE FOLLOWING QUESTIONS:
 1. DO THE PROVISIONS OF THE STATE OPEN RECORDS ACT REQUIRE PUBLIC DISCLOSURE OF HOSPITAL FINANCIAL RECORDS DEALING WITH PUBLIC FUNDS?
 2. DO THE PROVISIONS OF OKLAHOMA'S OPEN MEETINGS ACT MAKE OPEN ANY CONVERSATIONS WITH A PUBLIC OFFICIAL CONCERNING THE USE OF PUBLIC FUNDS OR PROPERTY?
BECAUSE THE APPLICATION OF THE STATE'S OPEN MEETING AND OPEN RECORDS ACT TO PARTICULAR DOCUMENTS AND SITUATIONS WILL ALWAYS DEPEND ON THE SPECIFICS OF ANY GIVEN SITUATION, IT IS NOT POSSIBLE TO RESPOND TO YOUR QUESTION BY WAY OF AN OPINION, FORMAL OR INFORMAL.
WHETHER A PARTICULAR HOSPITAL'S RECORDS ARE SUBJECT TO DISCLOSURE UNDER OKLAHOMA'S OPEN RECORDS ACT, 51 O.S. 24A.1 (1991), ET SEQ., WOULD DEPEND ON WHETHER THE HOSPITAL CAME WITHIN THE DEFINITION OF "PUBLIC BODY," WHICH IS DEFINED AT 51 O.S. 24A.3(2) (1991) TO INCLUDE:
 ". . . ANY OFFICE, DEPARTMENT, BOARD, BUREAU, COMMISSION, AGENCY, TRUSTEESHIP, AUTHORITY, COUNCIL, COMMITTEE, TRUST, COUNTY, CITY, VILLAGE, TOWN, TOWNSHIP, DISTRICT, SCHOOL DISTRICT, FAIR BOARD, COURT, EXECUTIVE OFFICE, ADVISORY GROUP, TASK FORCE, STUDY GROUP, OR ANY SUBDIVISION THEREOF, SUPPORTED IN WHOLE OR IN PART BY PUBLIC FUNDS OR ENTRUSTED WITH THE EXPENDITURE OF PUBLIC FUNDS OR ADMINISTERING OR OPERATING PUBLIC PROPERTY, AND ALL COMMITTEES, OR SUBCOMMITTEES THEREOF."
THE ACT REQUIRES THAT ALL RECORDS OF ENTITIES CONSTITUTING "PUBLIC BODIES" SHALL BE OPEN TO ANY PERSON FOR INSPECTION, COPYING, AND/OR MECHANICAL REPRODUCTION DURING REGULAR BUSINESS HOURS. 51 O.S. 24A.5 (1991). THE ACT THEN GOES ON TO NOTE EXCEPTIONS TO DISCLOSURE SUCH AS: RECORDS PROTECTED BY STATE EVIDENTIARY PRIVILEGE, SUCH AS THE ATTORNEY/CLIENT PRIVILEGE, 51 O.S. 24A.5(1)(A); LAW ENFORCEMENT RECORDS, 51 O.S. 24A.8 (1991), CERTAIN PERSONNEL RECORDS, 51 O.S. 24A.7 (1991); AND OTHER EXCEPTIONS. AS MENTIONED ABOVE, WHETHER A PARTICULAR RECORD IS SUBJECT TO DISCLOSURE UNDER THE ACT DEPENDS UPON WHO HAS THE DOCUMENT AND THE NATURE OF THE DOCUMENT.
LIKEWISE, WHETHER THE PROVISIONS OF THE OPEN MEETING ACT, 25 O.S. 301 (1991), ET SEQ., APPLY DEPENDS UPON WHETHER THE ENTITY INVOLVED IS A "PUBLIC BODY" AND WHETHER A "MEETING" OF A PUBLIC BODY IS TAKING PLACE. "PUBLIC BODY" IS DEFINED AT 25 O.S. 304(1) (1991), AND IT IS SIMILAR TO THE DEFINITION OF THIS SAME TERM IN THE OPEN RECORDS ACT. "MEETING" IS DEFINED AT 25 O.S. 304(2) TO MEAN "THE CONDUCTING OF BUSINESS OF A PUBLIC BODY BY A MAJORITY OF ITS MEMBERS BEING PERSONALLY TOGETHER." ACCORDINGLY, CONVERSATIONS REGARDING PUBLIC BUSINESS THAT TAKE PLACE OUTSIDE OF A "MEETING" NEED NOT BE CONDUCTED IN ACCORDANCE WITH THE REQUIREMENTS OF THE ACT PROVIDED SUCH CONVERSATIONS DO NOT OCCUR AMONG A MAJORITY OF THE MEMBERS OF THE PUBLIC BODY. AGAIN, THE ACT'S APPLICABILITY TO ANY PARTICULAR TRANSACTION WILL DEPEND UPON THE PARTICULAR CIRCUMSTANCES OF THE SITUATION PRESENTED.
(NEAL LEADER)